**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-22615-CIV-BECERRA**

**R.K.G.,** *et al*.,

      Plaintiffs,

vs.

**DEREK D BARRS,** *et al*.,

      Defendants.

_____/

**FEDERAL DEFENDANTS' MOTION TO DISMISS**
**FOR LACK OF SUBJECT MATTER JURISDICTION**

Federal Defendants, Federal Motor Carrier Safety Administration (FMCSA); Derek D. Barrs, in his official capacity as Administrator of FMCSA; United States Department of Transportation (USDOT); and Sean P. Duffy, in his official capacity as the Secretary of Transportation (collectively Federal Defendants), by and through the undersigned Assistant United States Attorney, move to dismiss the Complaint for Declaratory and Injunctive Relief Joint Action Complaint Pursuant to Fed. R. Civ. P. 20 and 42 [DE 1] (Complaint) for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure; and in support thereof, state the following.

Plaintiffs seek to challenge an FMCSA rule in this Court, but this Court lacks jurisdiction because the Hobbs Act grants courts of appeals exclusive jurisdiction over such challenges.  28 U.S.C. § 2342(3)(A).

In the Complaint, Plaintiffs identify the following "Federal Action" at issue in this case: FMCSA "promulgation of an interim final rule ('IFR') titled *Restoring Integrity to the Issuance of Non-Domiciled Commercial Drivers Licenses*, 90 Fed. Reg. 46,509 (Sept. 29, 2025), which

severely restricts the authority of State Driver's Licensing Agencies ('SDLAs') to issue and renew non-domiciled CLPs [commercial learner's permits] and CDLs [commercial driver's licenses] to individuals domiciled in foreign jurisdictions, and FMCSA's subsequent Final Rule, 91 Fed. Reg. 7044 (Feb. 13, 2026), which reaffirmed the IFR's categorical restrictions with only cosmetic modifications."  Complaint ¶3.  By way of relief, in relevant part, Plaintiffs ask the Court to enter "declaratory judgment declaring that … [t]he Final Rule … is unlawful and void;" enter a "permanent injunction … [e]njoining FMCSA from enforcing the Final Rule;" and "[s]et aside and vacate the Final Rule."  Complaint p.55-56.

The Final Rule Plaintiffs challenge was issued pursuant to Chapter 313 of Title 49 of the United States Code.  Pursuant to the Hobbs Act, 28 U.S.C. § 2342, "[t]he court of appeals … has *exclusive jurisdiction* to enjoin, set aside, suspend (in whole or in part), or to determine the validity of … all rules, regulations, or final orders of … the Secretary of Transportation issued pursuant to … chapter 313 … of title 49."  28 U.S.C. § 2342(3)(A) (emphasis added).  Accordingly, Plaintiffs' claims against the Federal Defendants are subject to the Hobbs Act, and the court of appeals has exclusive jurisdiction over those claims.[1]

As the Supreme Court recently explained in *McLaughlin Chiropractic Associates, Inc. v. McKesson Corporation*, 606 U.S. 146 (2025), "[t]he Hobbs Act requires parties who want to challenge the legality of agency rules or orders … to do so both promptly and in a court of appeals." *Id*. at 153.  "The courts of appeals, therefore, have exclusive jurisdiction over claims to the extent they depend on establishing that all or part of an administrative regulation or order

---

[1] Consolidated petitions for review of the Final Rule are currently pending before the U.S. Court of Appeals for the D.C. Circuit. *Lujan, et al. v. FMCSA, et al.*, No. 26-1032 (D.C. Cir.).  Even if Plaintiffs had brought their claims before the Eleventh Circuit in the first instance, their claims would have been subject to consolidation with *Lujan*.  "If more than one petition for review is filed within [the prescribed] 60-day period, the petitions are then consolidated in a single court of appeals." *McLaughlin Chiropractic Associates,* 606 U.S. at 152 (citing 28 U.S.C. § 2112(a)).

subject to the Hobbs Act is wrong as a matter of law or is otherwise invalid." *Chhetri v. United States*, 823 F.3d 577, 586–87 (11th Cir. 2016) (quoting *Self v. Bellsouth Mobility, Inc.*, 700 F.3d 453, 462 (11th Cir.2012)) (internal quotation marks omitted).[2]  District courts lack jurisdiction to entertain such a suit.  *Id.*; *Spencer v. Doran*, 560 F. Supp. 3d 648, 654 (D.N.H. 2021); *compare McLaughlin Chiropractic Associates,* 606 U.S. at 152 (holding that the Hobbs Act did not preclude district court jurisdiction in enforcement actions and reiterating that "district courts may not entertain … pre-enforcement suits.").

WHEREFORE, for the foregoing reasons, the claims sounding against the Federal Defendants should be dismissed for lack of subject matter jurisdiction.

Respectfully submitted,

JASON A. REDING QUIÑONES
UNITED STATES ATTORNEY

**Anthony Erickson-Pogorzelski**
ANTHONY ERICKSON-POGORZELSKI
ASSISTANT U.S. ATTORNEY
99 N.E. 4th Street, 3rd Floor
Miami, Florida 33132
Tel: (305) 961-9296
Fla. Bar 619884
Email: anthony.pogorzelski@usdoj.gov

---

[2] Even if Plaintiffs challenged the Final Rule in the correct court (which they did not), jurisdiction would be lacking because Plaintiffs' complaint is untimely.  Under the Hobbs Act, a petitioner may file for review of a final agency order "within 60 days of its entry."  28 U.S.C. § 2344.  The Hobbs Act's "time limit is jurisdictional in nature, and may not be enlarged or altered by the courts."  Matson Navigation Co., Inc. v. DOT, 895 F.3d 799, 803 (D.C. Cir. 2018) (internal quotation marks and citation omitted).  The Final Rule was published in the Federal Register on February 13, 2026.  Restoring Integrity to the Issuance of Non-Domiciled Commercial Drivers Licenses (CDL), 91 Fed. Reg. 7044 (Feb. 13, 2026).  Plaintiffs filed the Complaint on April 15, 2026—61 days after February 13.  The Complaint is thus untimely under the Hobbs Act.  28 U.S.C. § 2344.